IN THE UNITED STATES DISTRICT
COURT
IN AND FOR THE SOUTHERN
DISTRICT OF FLORIDA

CASE NO.:   15-cv-62169-BB

JACQUELINE STEWART DILLON,
     Plaintiff,

vs.

CALVINELLE SOUTH ASSISTED LIVING
FACILITY, INC., a Florida Corporation,
and CALVIN C. BROWN, an individual

     Defendant.

_____/

### ANSWER OF CALVINELLE SOUTH ASSISTED LIVING FACILITY, INC.

COMES NOW, the defendant, Calvinelle South Assisted Living Facility, Inc.

(Calvinelle), by and through undersigned counsel and files this Answer to the Complaint filed

against it in the above styled cause and would state as follows:

1.    Calvinelle is without knowledge as to the allegations of paragraphs 1, 5 and 17 and

demands strict proof of the allegations contained therein.

2,    Calvinelle is without knowledge as to the allegations of paragraphs 15 to the extent it

asserts actions taken by the Plaintiff.    The remaining assertions of the paragraph are specifically

denied.

3.    As to the allegations of paragraph 2 are admitted to the extent they assert that the Plaintiff

worked for Calvinelle.    The remaining allegations are specifically denied.

4.    The allegations of Paragraph 12 are admitted.

5.    The remaining allegations of the Complaint are specifically denied.

AFFIRMATIVE DEFNSES

As and For a FIRST AFFIRMATIVE DEFENSE Calvinelle would state that the Plaintiff

was overpaid for the work that she performed and further paid for work she did not perform on

behalf of Calvinelle and is entitled to no further compensation.

As and for a SECOND AFFIRMATIVE DEFENSE, Calvinelle would state that the Plaintiff was allowed to reside on the property free of charge as additional compensation for the work performed and as such was overpaid for the labor she performed on behalf of Calvinelle.

As and for a THIRD AFFIRMATIVE DEFENSE, Calvinelle would state that the Plaintiff is not entitled to the benefits provided under the Fair Labor Standards Act.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY Certify that a true and correct copy of the foregoing was served electronically on counsel for the plaintiff, Matthew Thibaut, 515 N. Flagler Drive, 20th Floor, West Palm Beach, FL33401 and mthibaut@ciklinlubitz.com.

_____
Marc Anthony Douthit, Esq.
Douthit Law, LLC
6625 Miami Lakes Drive
3rd Floor
Miami Lakes, FL 33014
(786) 594-3977