UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-62169-VALLE

**CONSENT CASE**

JACQUELINE DILLION,

    Plaintiff,

    v.

CALVINELLE SOUTH ASSISTED
LIVING FACILITY INC., *et al.*,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Settlement and for Dismissal of this Action with Prejudice (ECF No. 77) (the "Joint Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment.  *See* (ECF Nos. 72 and 73).

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiff has sued Defendants to recover alleged unpaid wages and overtime compensation.  *See* (ECF No. 26).  On June 9, 2016, the parties attended a settlement conference before the undersigned and settled the case.  *See* (ECF No. 71).  On July 1, 2016, the parties filed the instant Joint Motion seeking the Court's approval of their Settlement Agreement under 29 U.S.C. § 216(b).  *See* (ECF No. 77). On July 5, 2016, the Court entered an Order requiring the parties to submit their written

---

[1] 29 U.S.C. § 201 *et seq.*

Settlement Agreement for the Court's review.  *See* (ECF No. 78).  In compliance with this Order, on July 6, 2016, the parties submitted their written Settlement Agreement to the Court.

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties have submitted their Settlement Agreement for the Court's review.  In scrutinizing the Settlement Agreement, the undersigned has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court has also considered that Plaintiff's claim was disputed as to liability and amount and that all parties were represented by counsel.  Lastly, the Settlement Agreement specifies the portion of the settlement amount that is designated for wages, damages, and attorney's fees and costs.

Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Finally, upon a *sua sponte* review of the record, the Court notes that the District Judge previously entered a default judgment against Defendants Calvinelle South Assisted Living Facility, Inc. and Calvin C. Brown. *See* (ECF No. 60). The Settlement Agreement, however, expressly releases these Defendants from all claims in this lawsuit, which this Court construes as an agreement by Plaintiff to vacate the default judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The default judgment previously entered against Defendants Calvinelle South Assisted Living Facility, Inc. and Calvin C. Brown (ECF No. 60) is **VACATED**.

(2) The Joint Motion for Approval of Settlement and for Dismissal of this Action with Prejudice (ECF No. 77) is **GRANTED**, the parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(3) The Court retains jurisdiction for six months from the date of this Order to enforce the terms of the Settlement Agreement.

(4) The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida on July 21, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record